IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER AND EARTH ISLAND INSTITUTE,<br><br>                          Plaintiff,<br><br>     vs.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>                          Defendants.<br>_____/ | CASE NO. CV F 07-1690 LJO DLB<br><br>**ORDER ON PLAINTIFFS' MOTION TO CLARIFY EXTENT OF ADMINISTRATIVE RECORD (DOC. 28)** |

**Background**

On November 20, 2007, Plaintiffs Sequoia Forestkeeper and Earth Island Institute (collectively "plaintiffs") filed this National Environmental Policy Act action against Defendants United States Forest Service, Abigail Kimbell and Tina Terrell (collectively "defendants") to challenge the Clear Creek logging project in Sequoia National Forest. The parties agreed to an expedited schedule in order to avoid a preliminary injunction motion. This Court held a preliminary scheduling conference with plaintiffs and defendants on January 3, 2008. This Court's January 3, 2008 preliminary scheduling order (Doc. 23) directed: (1) plaintiffs, no later than January 10, 2008, to submit to defendants challenges to the administrative record and to identify documents which plaintiffs claim should be included in the administrative record; and (2) defendants, no later than January 15, 2008, to lodge the administrative record. Plaintiffs were further directed to file and serve their motion, if any, to supplement the

administrative record by January 16, 2008.

On January 15, 2008, Defendants lodged the administrative record. On January 16, 2008, plaintiffs filed a "Motion to Clarify Extent of Administrative Record." (Doc. 29) On January 23, 2008, defendants opposed plaintiffs' motion. In their motion, Plaintiffs do not specify documents to supplement the administrative record. Instead, plaintiffs and defendants attached declarations, with accompanying emails, to demonstrate which documents plaintiffs identified to supplement the administrative record on January 10, 2008. Those emails also demonstrate defendants objections to certain documents identified by Plaintiffs.

**Arguments**

**Plaintiffs**

Plaintiffs are concerned that in spite of due diligence, they may learn that a document, which was clearly referenced or relied upon by the Forest Service and relevant to the case, was not included in the current record filed with the Court. Therefore, plaintiffs request this Court rule that, "in the unlikely event that the circumstance detailed above should come to pass, the parties should be allowed to submit said documents in conjunction with a statement of agreement between the parties or with a motion to supplement the record."

Plaintiffs note that "further supplementation of the record with documents that were clearly referenced by the agency during its decision making process is a separate issue from requesting that this Court review evidence which is clearly outside the administrative record (i.e. 'extra-record evidence'). Plaintiffs will petition the Court separately should they determine that such 'extra-record' evidence would assist the Court and be allowable under the law."

**Defendants**

Defendants contend that the current motion is not a motion to supplement the administrative record. Instead, Defendants contend, it is a motion to extend plaintiffs' deadline to file any motion to supplement the administrative record.

Defendants argue that Plaintiffs' request for this Court to rule on a hypothetical situation barely conforms to the requirements that plaintiffs "shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1).

2

Defendants argue that Plaintiffs' motion disregards the expedited summary judgment briefing schedule. The Court ordered plaintiffs to file their motion to supplement on January 16, 2008 to ensure determination of the record prior to the February 15, 2008 deadline for summary judgment motions. Defendants argue that Plaintiffs' motion subverts the agreed-upon deadlines by preserving indefinitely plaintiffs' ability to file a motion for supplementation.

## Discussion

"Generally, judicial review of agency action is limited to review of the record on which the administrative decision was based." *Thompson*, 885 F.2d 551, 555. "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). However, the whole administrative record " is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record." *Thompson*, 885 F.2d 551, 555 (quoting *Exxon Corp. v. Department of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981) (emphasis in original). Instead, the "whole" administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Id.*

The parties do not dispute that the administrative record should consist of all evidence directly and indirectly relied upon by the agency. The Court does not have before it a motion outlining any outstanding disputes between the parties regarding documents plaintiffs seek to include. Because no specific documents are identified, and no disputes raised, there is nothing for this Court to rule upon.

The parties, not the Court, asked for an expedited briefing schedule. The parties agreed that plaintiffs shall file a motion to supplement the administrative record, if any, on or before January 16, 2008, so that the record is settled prior to the February 15, 2008 deadline to file a motion for summary judgment. Rather than file a motion to supplement the record, however, plaintiffs filed a "Motion to Clarify Extent of the Administrative Record." Plaintiffs seek future leave to file motions to supplement the administrative record when they become aware of an excluded document or discover a document which they deem necessary for the Court's consideration.

To the extent plaintiffs seek to extend indefinitely the deadline to file a motion to supplement the administrative record, plaintiffs' motion is denied. The Court can not issue an advisory opinion on

hypothetical situations, as described by plaintiffs. The concerns raised by plaintiffs are not ripe for this Court's consideration. To the extent supplementation of the record is agreed upon by the parties, no action by this Court is necessary. To the extent that plaintiffs seek to supplement the administrative record, plaintiffs had an opportunity in this motion to do so.

Pursuant to the parties' declarations and exhibits, the parties appear to agree that certain documents should supplement the administrative record, however, there is no outstanding motion to do so. Therefore, this Court orders:

1. **The parties, no later than January 29, 2008, shall supplement the lodged administrative record with all agreed-upon documents; and**

2. No further motions to supplement the administrative record will be considered.

IT IS SO ORDERED.

**Dated:   January 24, 2008**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE