**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEQUOIA FORESTKEEPER, et al., | ) | 1:07cv1690 LJO DLB |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING |
| | ) | MOTION TO INTERVENE |
| v. | ) | (Document 16) |
| | ) | |
| UNITED STATES FOREST SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Sierra Forest Products ("SFP") filed the instant motion to intervene in this action on December 28, 2007. The motion was heard on February 1, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Rachel Fazio and Kalyani Robbins appeared on behalf of Plaintiffs Sequoia Forestkeeper and Earth Island Institute ("Plaintiffs"). Stacey Bosshardt appeared on behalf of Defendants United States Forest Service, Abigail R. Kimball and Tina Terrell ("Defendants"). Scott Horngren appeared on behalf of SFP.

**BACKGROUND**

Plaintiffs, both non-profit organizations, filed the instant action for declaratory and injunctive relief on November 20, 2007. Plaintiffs challenge the Forest Service's January 2007, approval of the Clear Creek Forest Health Improvement and Fuels Reduction Project, a logging project in the Sequoia National Forest. They allege violations of the National Environmental Policy Act ("NEPA"), the National Forest Management Act ("NFMA") and the Administrative

1

Procedure Act ("APA"). The action focuses on the impact of the Clear Creek logging project on California spotted owl nesting and foraging habitat. Plaintiffs seek to enjoin the project and thinning sale (removal of merchantable trees over 10-12 inches in diameter) through a permanent injunction, and request a declaration that Defendants violated NEPA, NFMA and APA in developing and approving the Clear Creek Project.

Proposed Intervenor SFP filed the instant motion to intervene on December 28, 2007, along with a proposed answer. SFP is a small, family owned sawmill located in Terra Bella, California. It purchased a timber sale contract known as the Clear Creek Thinning sale. According to SFP, the contract calls for a "very light thinning treatment only across about 705 acres and is essential to implementing and accomplishing the overall goals under the Clear Creek Project." Motion, at 2.

On January 3, 2008, the Court issued a Preliminary Scheduling Order setting forth deadlines relating to the administrative record. The parties agreed to an expedited schedule in order to avoid a preliminary injunction motion. Cross-motions for summary judgment must be filed by February 15, 2008, with oppositions to be filed by March 17, 2008, and replies by March 31, 2008. Sur-replies are due by April 7, 2008, and a hearing is scheduled for April 11, 2008, should the Court deem it necessary.

Defendants lodged the administrative record and filed their answer on January 15, 2008.

On January 18, 2008, Plaintiffs filed their opposition to SFP's motion to intervene. SFP filed its reply on January 25, 2008.

Defendants have not filed anything related to SFP's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for intervention as of right and permissive intervention. The Trustees seek leave to intervene on both grounds. Rule 24 provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Where, as here, no federal statute provides an unconditional right to intervene, Rule 24(a) provides for intervention as a matter of right. The Ninth Circuit has adopted a four part test for intervention "of right" under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. See Cabazon Band of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir. 1997). The four part test is interpreted broadly in favor of intervention. Id.

If intervention is not otherwise a matter "of right," the Court may still allow intervention under Federal Rule of Civil Procedure 24(b)(2), which allows a third party to intervene in an action when its "claim or defense and the main action have a question of law or fact in common." The existence of a "common question" is liberally construed. Stallworth v. Monsanto Co., 558 F.2d 257, 265 (5th Cir.1977). If these conditions are met, the question of whether a party will be allowed to intervene is within the sound discretion of the trial court. See Donnely v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir.1989) (quoting Securities and Exchange Comm'n v. Everest Management Corp., 475 F.2d 1236, 1240 (2d Cir.1972)) ("Rule 24(b) necessarily vests 'discretion in the district court to determine the fairest and most efficient method of handling a case....'"). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b). In addition, a court may consider other factors,

including whether the movant's interests are adequately represented by existing parties and judicial economy concerns. Venegas, 867 F.2d at 530-31.

**DISCUSSION**

SFP argues that it should be allowed to intervene as of right, or in the alternative, that it meets the standard for permissive intervention. Although Plaintiffs do not oppose SFP's intervention in the remedial portion of this action, they do not believe that SFP should be permitted to intervene during the merits phase.[1]

A.   Intervention as of Right

The parties agree that this motion was timely filed and that the outcome of this action could potentially impact SFP. The parties also appear to agree that SFP has a protectable interest. Although Plaintiffs believe that SFP's interests would be adequately represented by Defendants so as to prevent intervention as of right, the dispute really comes down to the extent to which SFP should be allowed to intervene.

   1.   *Protectable Interest*

SFP argues that its protectable interest arises from its awarded contract for the Clear Creek Thinning Timber Sale, which is being challenged in this action.

"[W]hether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001) (citing Greene v. United States, 996 F.2d 973, 976 (9th Cir.1993)). "It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." Id. (citing Sierra Club v. United States EPA, 995 F.2d 1478, 1484 (9th Cir.1993). An applicant demonstrates a "significantly protectable interest" when "the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests." Id. (citing Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1493 (9th Cir.1995)). In Berg, the Ninth

---

[1] Plaintiffs offered to stipulate to allow SFP to permissively intervene as to the remedy in December 2007, but SFP declined the offer.

Circuit recognized that contract rights are traditionally protectable interests. Id. at 820 ("Pardee has made a prima facie showing that he has a substantial interest as a third-party beneficiary of the assurances and approval process set out in the IA that could be affected if the IA were invalidated.")

The Court agrees that SFP's contract rights provide it with a significantly protectable interest in this action. However, Ninth Circuit law is clear that under 24(a), the protectable interest is only in relation to the requested remedy. "As a general rule, 'the federal government is the only proper defendant in an action to compel compliance with NEPA.'" Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir.2002) (quoting Wetlands Action Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1114 (9th Cir.2000)). The rationale behind this rule is that "because NEPA requires action only by the government, only the government can be liable under NEPA. Because a private party can not violate NEPA, it can not be a defendant in a NEPA compliance action." Id. (quotations and citations omitted).

In Wetlands, the Ninth Circuit confirmed that the general rule prohibiting intervention applies in situations where the proposed intervenor has been issued a permit or contract. 222 F.3d at 1114; see also Churchill County v. Babbitt, 150 F.3d 1072, 1083. However, where "injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests," that party demonstrates that it has a significant protectable interest in the action. Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1494 (9th Cir.1995). In such cases, the appropriate course is to limit the private party's intervention to the remedial phase of the litigation. Wetlands, 222 F.3d at 1114; Churchill County, 150 F.3d at 1083.

For purposes of this motion, the instant action is nearly indistinguishable from the above cases. SFP will be allowed to intervene under 24(a) as to the remedial portion of this action.

2. *Adequate Representation of Interests*

Insofar as Plaintiffs attempt to defeat intervention as of right by arguing that SFP's interests are adequately protected, their argument fails.

In determining whether a would-be intervenor's interests will be adequately represented by an existing party, courts consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 822-823 (9th Cir. 2001). The applicant bears the burden of demonstrating that the existing parties may not adequately represent its interest. Id., 823 (citing Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir.1983)). However, the burden of showing inadequacy is "minimal," and the applicant need only show that representation of its interests by existing parties "may be" inadequate. Id. (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972)). In assessing the adequacy of representation, the focus should be on the "subject of the action," not just the particular issues before the Court at the time of the motion. Sagebrush, 713 F.2d at 528. For example, where the proposed interveners have "more narrow, parochial interests" than the parties, the burden is overcome. Id. at 445 (citing Forest Conservation Council v. United States Forest Service, 66 F.3d 1489, 1499 (9th Cir.1995)). "Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public." Id. (internal citations omitted).

SFP has intervened in numerous actions challenging timber sales in Sequoia over the years. Declaration of Larry Duysen ("Duysen Dec."), ¶ 12. Based on its past experience, SFP believes that Defendants will fail to emphasize and/or neglect certain legal issues that are of significant importance to SFP. SFP further contends that the Forest Service has failed to sell the amount of timber authorized by the Sequoia Forest Plan, has not pursued the legal defenses to support its timber sales, and has not started the environmental analysis that would allow certain enjoined sales to proceed. Duysen Dec., ¶ 9.

The Court agrees that federal Defendants cannot be relied upon to represent SFP's interests, economic or otherwise. Plaintiffs attempt to minimize this issue by arguing that, given the page limits imposed in this case and others, Defendants cannot be expected to raise all

arguments. Yet this is exactly the point- Defendants will understandably focus on arguments that best suits *their* interests. Allowing SFP to intervene will not only ensure that its interests are addressed, but it will also present the Court with more complete briefing. This issue is also important insofar as the Court is allowing SFP to intervene on the merits pursuant to 24(b), discussed below.

B.      Permissive Intervention

Alternatively, SFP requests that it be allowed to intervene permissively. It relies on Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094 (9th Cir. 2002), where the Ninth Circuit explained, "[u]nlike Rule 24(a), a 'significant protectable interest' is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" (internal citations omitted). Kootenai Tribe is a case involving a NEPA and APA challenge to the Forest Service's Roadless Area Conservation Rule. The Ninth Circuit found that the district court's grant of permissive intervention to environmental groups was not an abuse of discretion, explaining,

> though intervenors do not have a direct interest in the government rulemaking, they have asserted an interest in the use and enjoyment of roadless lands, and in the conservation of roadless lands, in the national forest lands subject to the Roadless Rule, and they assert "defenses" of the government rulemaking that squarely respond to the challenges made by plaintiffs in the main action.

Kootenai Tribe, 313 F.3d at 1110-1111. Like the non-governmental entities in Kootenai Tribe, SFP argues that it seeks to participate in this case to defend the Clear Creek project at issue and has a concrete interest in the federal timber and public lands at the heart of the project.

As explained above, the Court believes that SFP has demonstrated the four factors necessary for intervention as of right under 24(a). However, Ninth Circuit authority requires that the 24(a) intervention be limited to the remedial phase. Under 24(b), though, the Court's discretion is not constrained. Because SFP's interests are not adequately protected and because it can expand upon common factual and legal issues before the Court, SFP should be allowed to intervene under 24(b) in the underlying merits of this action.

1 Plaintiffs believe that allowing SFP to intervene on the merits is prejudicial, both in terms
2 of requiring additional work and additional time.  However, as discussed at the hearing, SFP is
3 willing to limit its briefing and accelerate its filings so as to allow Plaintiffs sufficient time to
4 accommodate the additional briefing within the existing schedule.  SFP is therefore allowed to
5 intervene in the merits of this action pursuant to 24(b) and according to the schedule set forth
6 below.

**ORDER**

SFP's motion to intervene is GRANTED.  SFP SHALL file its Answer within ten (10) days of the date of service of this order.[2]  lodged Answer (Document SFP will be permitted to intervene in the remedial portion of this action pursuant to Rule 24(a) and in the underlying merits pursuant to 24(b).  SFP's opposition brief must be filed by March 10, 2008, and will be limited to fifteen (15) pages.  SFP may file a sur-reply, limited to ten (10) pages, by April 7, 2008.

*IT IS SO ORDERED.*

*Dated:*   **February 1, 2008**          */s/ Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] SFP filed a proposed answer along with this motion.  However, because the document was filed, rather than lodged, the Court cannot remove the "[proposed]" designation.