IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER AND EARTH ISLAND INSTITUTE,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>　　　　　　　　Defendants.　　　／ | CASE NO. CV F 07-1690 LJO DLB<br><br>**ORDER TO STAY PROCEEDINGS, VACATE HEARINGS, AND SET STATUS** |

On March 26, 2008, this Court received a Joint Motion for Stay of Proceedings (Doc.65). Plaintiffs Sequoia Forestkeeper and Earth Institute, Defendant United States Forest Service and Intervenor Defendant Sierra Forest Products jointly move this Court to vacate the hearing dates currently set and stay the scheduling order deadlines. The parties propose to file a joint status report on April 4, 2008 to apprise the Court of their positions on how to proceed in light of changed circumstances, described more fully below.

This is a civil action for declaratory and injunctive relief. Plaintiffs seek a declaration that defendants violated federal laws in developing and approving the Clear Creek Forest Health and Improvement and Fuels Reduction Project in the Sequoia National Forest. Plaintiffs also seek injunctive relief related to the federal claims.

1

The administrative decision challenged in this action was withdrawn on March 25, 2008. The parties attached to the joint motion a letter signed by Tina J. Terrell, Forest Supervisor indicating that the Clear Creek Forest Health Improvement and Fuels Reduction Project Decision and Finding of No Significant Impact dated January 31, 2007 is withdrawn (Doc. 65).

Because the challenged administrative decision was withdrawn, this Court finds this case to be moot. There appears to be no "case or controversy" as required by Article III of the United States Constitution. As a court of limited jurisdiction, this Court must consider Article III jurisdiction *sua sponte* and dismiss if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 112 S. Ct. 382 (1991); *see also*, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This Court finds that without a live "case or controversy," this Court lacks jurisdiction over this matter. Therefore, dispositive papers, rather than a status report, are the more appropriate April 4, 2008 filing.

**ORDER**

For the foregoing reasons, this Court:

1. VACATES the April 11, 2008 and May 8, 2008 hearing dates;
2. STAYS all proceedings of this action, including the scheduling order deadlines, and
3. ORDERS the parties, no later than April 4, 2008, to file dispositive papers in this action. If the parties do not stipulate to dismiss this case based on mootness, then each party shall file, no later than April 4, 2008, a memorandum of legal points and authorities either in support of, or in opposition to, dismissal.

IT IS SO ORDERED.

**Dated:   March 26, 2008**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE