IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER AND EARTH ISLAND INSTITUTE,<br><br>                              Plaintiff,<br><br>      vs.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>                              Defendants. | CASE NO. CV F 07-1690 LJO DLB<br><br>**ORDER FOR ADDITIONAL BRIEFING**<br>(Doc. 69) |

Intervenor Defendant Sierra Forest Products ("Sierra Forest") moves for leave to respond to the April 4, 2008 brief filed by Plaintiffs Sequoia Forestkeeper and Earth Institute ("Plaintiffs"). Plaintiffs' brief opposes dismissal of this case based on mootness, and was filed pursuant to this Court's Order to Stay Proceedings filed on March 27, 2008 (Doc. 66) ("Order to Stay"). Because additional briefing is necessary, this Court GRANTS Sierra Forest's motion for leave to respond. This Court further orders an additional briefing schedule for all parties.

**Background**

On March 26, 2008, Plaintiffs, the Forest Service, and Sierra Forest jointly moved this Court to vacate the hearing dates and stay the scheduling order deadlines. On March 27, 2008, this Court granted the parties' joint motion to stay, as the administrative decision challenged in this action was withdrawn

on March 25, 2008. In its Order to Stay, the Court found that:

> there appears to be no "case or controversy" as required by Article III of the United States Constitution. As a court of limited jurisdiction, this Court must consider Article III jurisdiction *sua sponte* and dismiss if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 112 S. Ct. 382 (1991); *see also*, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This Court finds that without a live "case or controversy," this Court lacks jurisdiction over this matter.

(Order to Stay, 2). Accordingly, this Court ordered the parties to file dispositive papers in this action. The Court ordered alternatively that, if the parties did not stipulate to dismiss this case based on mootness, each party should file, no later than April 4, 2008, a memorandum of legal points and authorities either in support of, or in opposition to, dismissal.

On April 4, 2008, Plaintiffs filed an opposition to dismissal. On the same day, the Forest Service filed a brief in support of dismissal. Sierra Products did not file a brief on April 4, 2008. Rather, Sierra Products moved for leave to respond to Plaintiffs' brief in opposition to dismissal on April 8, 2008.

## Discussion and Order

Having read and reviewed the Forest Service's brief in support, and Plaintiffs' brief in opposition to dismissal, this Court finds that **additional briefing is necessary on the following issues**: (1) the definition and/or scope of the "wrongful conduct" at issue; (2) what effective remedies, if any, remain; (3) whether the proposed effective remedies are ripe for this Court's review and/or within the scope of the wrongful conduct at issue; (4) whether (and if so, how) the January 2007 Forest Plan Amendment affects the administrative procedure to proceed with the Clear Creek project after the March 25, 2008 withdrawal; and (5) what legal authority provides the basis for the Forest Service's repeated claim that "Neither the Forest Service nor Intervenor may take any action authorized by the decision until such time (if ever) that a decision is re-issued; any new decision would necessarily be accompanied by public notice and comment, and would be subject to administrative appeal and to challenge in a new lawsuit."

Accordingly, this Court:

(1) GRANTS Sierra Products' motion for leave to file a reply to Plaintiffs' brief in opposition to dismissal;

(2) ORDERS Sierra Products, **no later than April 11, 2008**, to file and serve a reply brief,

          not to exceed ten (10) pages, to Plaintiffs' brief in opposition to dismissal.  In its brief, Sierra Products may also address the issues identified by the Court in this Order;

(3)    ORDERS the Forest Service, **no later than April 11, 2008**, to file and serve a brief in response to: (1) the issues identified by the Court in this order; and (2) Plaintiffs' opposition to dismissal;

(3)    ORDERS Plaintiffs, **no later than April 15, 2008**, to file and serve a sur-reply, not to exceed ten (10) pages, in response to: (1) the issues identified by the Court in this order, and (2) the April 11, 2008 replies filed by Sierra Products and the Forest Service; and

(4)    VACATES the May 16, 2008 hearing.

IT IS SO ORDERED.

**Dated:   April 9, 2008**                              /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE