# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA FORESTKEEPER AND EARTH ISLAND INSTITUTE,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>        Defendants._____/ | CASE NO. CV F 07-1690 LJO DLB<br><br>**ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION** (Doc. 87) |

## INTRODUCTION

Defendants United States Forest Service, Tina Terrell, in her official capacity as Forest Supervisor for the Sequoia National Forest ("Ms. Terrell"), and Abigail R Kimbell, in her official capacity as Chief of the United States Forest Service (collectively "Forest Service") move to reconsider this Court's April 24, 2008 order on mootness ("April Order") (Doc. 81) by notice on May 7, 2008. Intervenor Defendant Sierra Forest Products ("Sierra Forest") supports this motion. Plaintiffs Sierra Forestkeeper and Earth Island Institute ("Plaintiffs") opposed the motion on May 12, 2008. The Forest Service and Sierra Forest (collectively "Defendants") replied on May 19, 2008. This Court finds this motion suitable for decision without a hearing and, pursuant to Local Rule 78-230(h), vacates the May 23, 2008 hearing. For the following reasons, this Court GRANTS in part Defendants' motion for reconsideration and STAYS the proceedings.

**BACKGROUND**

On January 31, 2008, the Forest Service approved the Clear Creek Forest Health Improvement and Fuels Reduction Project ("Clear Creek Project") Decision Notice ("DN") and Finding of No Significant Impact ("FONSI"), based on the Clear Creek Project Environmental Assessment ("EA") of January 30, 2007. Plaintiffs' administrative appeals of the Clear Creek Project were denied on May 4, 2007 and May 7, 2007. Thereafter, Plaintiffs initiated this action to seek judicial review of the Forest Service's development and approval of the Clear Creek.

On March 25, 2008,[1] the Forest Service withdrew the Clear Creek Project DN and FONSI. Thereafter, Defendants argued this action was moot, because no case or controversy existed to satisfy the jurisdictional requirements Article III of the United States Constitution. Plaintiffs argued that the matter fell within the voluntary cessation exception to the mootness doctrine. In its April Order, this Court ruled that although the Forest Service withdrew the Clear Creek DN and FONSI, jurisdiction existed because, *inter alia*, Plaintiffs had a reasonable expectation that the alleged wrongful conduct would recur. April Order, 5-6. The Court denied Defendants' alternative motions to stay the proceedings, because it found that Defendants provided no grounds for the request. April Order, 9-10.

The Forest Service published a Legal Notice for Comment ("Legal Notice") on the Preliminary Revised Environmental Assessment ("Preliminary Revised EA") for the Clear Creek Project on April 30, 2008.[2] The public comment period for the Preliminary Revised EA is 30 days.

The Preliminary Revised EA "clarifies the documentation of the proposed action, issues, alternatives and the subsequent effects analysis from the original EA." Preliminary Revised EA, 1. "Specifically, clarifications were made regarding the acres of treatment based on the most recent mapping, and the size of tree allowed for commercial timer harvest or other removal within each action alternative." *Id*. The revised estimate of 4,515 acres is an increase from the original 4,510 acre estimate. "In addition, several of the specialist reports in the project record have been revised to better display the potential effects of each alternative carried forward through detailed study." *Id*.

---

[1] The oppositions to the parties' cross-motions for summary judgment were due on March 26, 2008.

[2] The Preliminary Revised EA was published the day before this Court's scheduled status conference.

## DISCUSSION

### Standard of Review

Local Rule 78-230(k), which governs motions for reconsideration, provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge...**what new or different facts or circumstances are claimed to exist** or were not shown upon such prior motion, or what other grounds exist for the motion; and [] **why the facts or circumstances were not shown at the time of the prior motion.** (Emphasis added).

A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce a court to reverse its prior decision. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 565, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1997). Motions for reconsideration, however, are not the place for parties to make new arguments not raised in their original briefs. *See Christie v. Iopa*, 176 F.3d 1231, 1239, n.5 (9th Cir. 1999); *Northwest Acceptance Corp. v. Lynnwood Equip.*, Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).

### New Circumstances

The Forest Service submits that the April 30, 2008 publication of the Legal Notice and Preliminary Revised EA presents a new circumstance bearing on the Court's mootness and stay decision. With the publication of these documents, the Forest Service has formally initiated the process for arriving at a new NEPA decision. The Forest Service submits that because the Preliminary Revised EA had not been completed when this Court previously considered the mootness question, it was unable to cite the revised document as evidence of its commitment to conduct additional analysis of environmental consequences before issuing a new Clear Creek Project decision. In addition, the Forest Service asserts that the publication of the Legal Notice allows the Forest Service to make a reasonable estimate about when the new EA might be completed, and therefore, provide a time frame for a stay request.

Plaintiffs argue that the Forest Service fails to present an appropriate justification for reconsideration. Plaintiffs contend that the "new and different facts and circumstances" are of the Forest Service's creation, and are not "newly discovered." Plaintiffs argue that the issuance of the Legal Notice and Preliminary Revised EA is not "newly discovered" evidence, because it was in the Forest Service's possession at the time of the motion and/or could have been discovered with reasonable diligence.

1   This Court is persuaded that new circumstances exist.  Pursuant to this Court's local rule, this
2 Court may reconsider its order when a moving party presents evidence of a new circumstances which
3 did not exist at the time of the previous motion and order.   The Forest Service had not issued its
4 Preliminary Revised EA, and had not published its Legal Notice, before this Court's April Order.
5 Moreover, the Forest Service was unable to rely on the Preliminary Revised EA, as it did not exist in
6 a complete and published form until April 30, 3008.  The effect of the publication of the Legal Notice
7 is to create a new circumstance in that the Forest Service initiated the formal process for arriving at a
8 new NEPA decision on the Clear Creek Project which, if completed, will supercede the challenged
9 agency action before this Court.  Therefore, this Court will reconsider its April Order.

### Mootness

11   This Court's April Order found that the voluntary cessation exception to the mootness doctrine
12 applied.  This Court's decision was based in part on its finding that the Forest Service might re-issue the
13 Clear Creek Project "in its current form" and that "a re-issued decision identical to the one currently
14 before the Court may not be subject to further administrative and appellate review." April Order, 5, 7.
15  The Forest Service argues that because the Preliminary Revised EA is different from the previous
16 decision, the Court's concern that an "identical" will re-issue has been addressed.  Moreover, because
17 comments have been solicited, the Forest Service contends that the concern that a decision "may not be
18 subject to further administrative...review" no longer exists.  The Forest Service submits that, based upon
19 this new circumstance, any new agency action based upon the new DN and revised EA would be subject
20 to administrative appeal pursuant to the Appeal Reform Act, 16 U.S.C. §1612 and 36 C.F.R. Section
21 215.
22   Plaintiffs argue that the issuance of a Preliminary Revised EA does not render this action moot.
23 Plaintiffs contend that the Forest Service may issue a new DN which approves the Project as originally
24 designed and as currently implemented in the suspended timber sale contract.  Plaintiffs point out at the
25 Preliminary Revised EA contains the same four alternatives to the original EA, and identifies the action
26 challenged herein as the "preferred" alternative.  Therefore, Plaintiffs argue that the Forest Service has
27 failed to meet its heavy burden to prove that the alleged wrongful conduct reasonably will not recur.
28 *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968).

Although the Forest Service has initiated the process to issue a revised DN, 'there is no assurance that the challenged action will not again take place." *Anderson v. Evans*, 371 F.3d 475, 479 (9th Cir. 2004). Plaintiffs claim that the Clear Creek Project fails to conform with the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA") because the Forest Service, *inter alia*, conducted an inadequate and insufficient environmental analysis, such as failure to prepare an Environmental Impact Statement ("EIS") and failure to take a "hard look" at various conditions (counts 2-6). Here, the Forest Service indicates in its Preliminary Revised EA that it "prefers" an alternative similar to the one herein challenged. In addition, the Revised Preliminary EA and the Third Declaration of Ms. Terrell indicate that, unless significant issues are raised during the public comment period, no EIS will be prepared. If the Forest Service ultimately selects that alternative without preparing an EIS, or taking a "hard look" at the issues presented by Plaintiffs in this case, the alleged wrongful conduct is likely to recur. Moreover, the Forest Service acknowledges the that "the course of action chosen in a future decision will be similar to that selected in the withdrawn DN," but argues this action is moot because "the process, supporting analysis, and documentation for any future decision will be different." However, an action is not moot where the government states that the challenged action will probably happen again next year with a "similar environmental assessment" and "pretty much the same management plan." *Anderson*, 371 F.3d at 479. Accordingly, although new circumstances arose, the voluntary cessation exception continues to apply.

**Stay**

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This discretionary power to stay litigation "includ[es] the discretion to stay judicial review under NEPA," based on ripeness and mootness considerations, even when the Court is not deprived of jurisdiction. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816-17 (8th Cir. 2006). *See also, Malama Makau v. Rumsfeld*, 136 F.Supp.2d 1155, 1165 (D. Haw. 2001) (proceedings stayed until final revised NEPA document completed after original DN withdrawn).

When considering whether to grant or deny a stay of the proceedings, this Court considers the following competing interests: "[(1)] the possible damage which may result from the granting of a stay;

[(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly court of justice measure in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972), *cert. denied*, 409 U.S. 1110 (1973). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

**Plaintiffs' Possible Harm**

Plaintiffs argue that a stay of the proceedings "would allow the Forest Service to continue their illegal activity while denying Plaintiffs their right to judicial review of the already made decision." As discussed below, a stay of the proceedings preserves Plaintiffs' right to judicial review of both the withdrawn DN and a newly-issued DN and FONSI, if any.

Plaintiffs' opposition challenges the Preliminary Revised DN. However, Plaintiffs' challenges are unripe. At this time, Plaintiffs have the opportunity to make comments to the agency on the proposed action. Because the agency has not issued a final decision, this Court can not consider Plaintiffs' challenge. Plaintiffs may raise their challenges, if any, after the Forest Service has issued its revised decision in its final form and Plaintiffs exhaust their administrative remedies. *See Department of Transp. v. Public Citizen*, 541 U.S. 752 (2004). For this reason, the issues Plaintiffs present regarding the development of revised analysis are currently unripe. *Abbott Labs. v. Gardner*, 387 U.S. 136 (1967).

Moreover, in the absence of a final Revised EA, this Court can not review Plaintiffs' objections. Plaintiffs seek judicial review of the Clear Creek Project pursuant to the Administrative Procedures Act, 5 U.S.C. §706(2)(A) ("APA"). "The task of the reviewing Court is to apply the appropriate APA standard of review, 5 U.S.C. §706, to the agency decision based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44. "[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 744.

Additionally, and of SIGNIFICANCE , the Court notes that during this brief stay, no ground-breaking activities will occur. Third Terrell Decl., ¶3. Therefore, Plaintiffs will suffer no irreparable harm.

**Defendants' Hardship**

Defendants point out that they would be subject to hardship if they were required simultaneously to brief dispositive motions for summary judgment on the withdrawn EA and to prepare the revised EA. The Forest Service argues that Plaintiffs' proposed schedule would divert the agency's resources from analyzing alternatives to and the impacts of a decision that is likely to be implemented, to briefing a challenge to a decision that will never be implemented. Accordingly to Ms. Terrell, the same staff members that would work on the revised EA provide litigation support regarding the withdrawn EA. Third Terrell Decl., ¶12.

"[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity."*Lockyer*, 398 F.3d at 1112. Here, the Forest Service would be expected to do more than defend this suit if the proceedings were not stayed. It would be required unreasonably to duplicate efforts, and to argue points that may be resolved by the administrative process.

**Judicial Economy**

An additional compelling reason for a stay is judicial economy and efficiency. Resolution of the final revised EA has the potential to advance significantly the resolution of the claims currently before this Court. *Leyva v. Certified Grocers of Cal., Ltd*, 593 F.2d 857, 863 (9th Cir. 1979) (stay upheld because findings of parallel proceeding may be of valuable assistant to the court in resolving the claims presented); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (stay sustained where issues before parallel proceeding overlap factually and legally). *Cf.*, *Lockyer v. Mirant Corp,* 398 F.3d 1098 (9th Cir. 2005) (stay reversed whether the parallel proceeding "is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court.").

Here, the Forest Service may address Plaintiffs' issues asserted during the public comment period, or through the administrative appeal. Thus, some NEPA issues before this Court may be resolved. Also, the administrative agency may resolve issues related to the applicability of amended statutes and regulations. "It would waste judicial resources and be burdensome upon the parties if the district court in a case...were mandated to...determine the merits of a case at the same time as the [separate administrative proceeding] is going through a substantially parallel process." *Leyva*, 593 F.2d

7

at 864.

A stay of the proceedings will allow the Forest Service to develop its environment analysis for this Court's review and will allow Plaintiffs to raise additional objections or issues through a supplemental pleading once that record is developed. Thus, a stay of the proceedings will allow the Court and parties to preserve scarce funds, avoid unnecessary duplicative efforts, and address all issues raised by the Clear Creek Project DN (withdrawn and/or revised). "A trial court may, with propriety, find it is efficient for its own docket and the fairest court for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863-63 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952).

**Moderate stay**

The Court further notes that a stay will be of reasonable length. *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936) (a stay should not result in undue delay). The Forest Service published its Preliminary Revised EA for the Clear Creek Project. The Forest Service anticipates to release a final revised EA on or around June 20, 2008. Third Terrell Decl., ¶7. The release date for the final revised EA may be after June 20, 2008 if issues raised by the public require additional time for analysis and supplementation. *Id*. Thus, the administrative process is likely to conclude within a reasonable time. *See Leyva*, 593 F.2d at 864 ("A stay should not be granted unless is appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

**Conclusion**

The Court finds that a balance of the competing interests warrants reconsideration of this Court's April Order to deny Defendants' motion to stay the proceedings. A stay of proceedings will avoid unnecessary duplication of efforts, may resolve outstanding issues, will not cause irrevocable prejudice to Plaintiffs, and would harm Defendants. Moreover, a stay will be moderate in length.

///

///

///

///

## **CONCLUSION AND ORDER**

For the foregoing reasons, this Court:

1. DENIES in part Defendants' motion for reconsideration of this Court's April order because voluntary cessation exception continues to apply;
2. GRANTS in part Defendants' motion to reconsideration of this Court's April order in that Defendants provide grounds for the stay, a balance of the competing interests weighs in favor of a stay of the proceedings, and a stay will be reasonable in length;
3. STAYS these proceedings until July 20, 2008;
4. ORDERS the parties (Plaintiffs, Defendant, and Intervenor), no later than July 10, 2008, to file a Joint Status Report to inform the Court of the status of the Clear Creek Project revisions, whether the parties wish to resume litigation, continue the stay, or whether the outstanding issues have been resolved; and
5. VACATES the May 23, 2008 hearing.

IT IS SO ORDERED.

**Dated:   May 21, 2008**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE